ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Keith J. Wesley (State Bar No. 229276)
 kwesley@egcfirm.com
Noah S. Helpern (State Bar No. 254023)
 nhelpern@egcfirm.com
David D. Kim (State Bar No. 293445)
 dkim@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff EVOX
Productions, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO FIT, INC., an Arizona corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EVOX Productions, LLC ("EVOX") alleges, with personal knowledge as to its own actions, and upon information and belief as to those of others, as follows:

## INTRODUCTION

1.     EVOX has been in business for over twenty years, licensing high-quality photo, video and interactive automotive vehicle imagery.  It has created a library with over one million unique images and videos that is widely recognized as

the best quality and most comprehensive of its kind in the United States. Its library includes pictures of over 9,000 makes and models of cars that have been sold in the United States from 2000 to the present. Each image in the library was created as a work-for-hire by an EVOX employee or agent. In order to protect its investment and valuable intellectual property, EVOX owns registered copyrights in the images in its library. A copyright registration may include multiple still images for a car, including exterior spins and interior panoramas.

2. EVOX licenses its images—sometimes individually, sometimes as a group of several images, and sometimes as the entire library—to a variety of licensees. EVOX's largest segment of revenue comes from automotive dealers, which license EVOX images for, among other uses, advertising specific vehicles available in their inventory and for dealership training materials.

3. Defendant Auto Fit, Inc. ("AutoFit") sells auto body parts, both original equipment manufacturer ("OEM") parts and aftermarket parts for public sale. AutoFit offers repair services and body shop services for cars.

4. On its website, www.autofitparts.com (the "Website"), AutoFit touts that it provides "high quality replacement auto body parts . . . at very low and affordable prices. Order parts online, and have them shipped to your address . . . ." The Website home page contains four menus the customer can use to narrow search results to a specific year, make, model, or car part. Many of the vehicle images used on the Website were EVOX's copyrighted works, obtained, used, and published without a license by Defendant.

5. EVOX never licensed the use of its photographs on the AutoFit's Website. Nevertheless, EVOX has determined that **Defendant's Website publicly displayed no fewer than 470 separate copyrighted EVOX images** for use on the Website and in connection with auto part sales. Despite receiving a cease-and-desist letter from EVOX in August 2021, Defendant continues to use EVOX's copyrighted images without authorization on the Website. Defendant has engaged in

widespread, blatant, and willful infringement of EVOX's copyrighted works.

## PARTIES

6. EVOX is a Delaware limited liability company with its principal place of business at 2363 E. Pacifica Place, Rancho Dominguez, California.

7. AutoFit is an Arizona corporation with its principal place of business in Phoenix, Arizona.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the infringement of United States copyrights pursuant to 17 U.S.C. § 501 *et seq*. and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has subject matter jurisdiction over violations of the Digital Millennium Copyright Act ("DMCA") pursuant to 17 U.S.C. § 1202 *et seq*. and 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business in California, including making a substantial quantity of online sales via its highly interactive website to California customers. Defendant solicits clients that are residents of California through its highly interactive website, including the hundreds of infringing images posted on its website. Defendant knew that EVOX is the owner of the copyrights in question and therefore knew that its infringement of the copyrights would cause harm to EVOX in California, yet Defendant deliberately engaged in the infringement anyway. In light of Defendant's substantial and continuous connections to California, exercising jurisdiction over Defendant would be reasonable.

11. Pursuant to 28 U.S.C. §§ 1391 and 1400, venue is proper in this district because a substantial part of the property that is the subject of the action is situated within the district and Defendant or its agent reside or may be found within this district.

2025339.4

-3-

COMPLAINT FOR DAMAGES

## AUTOFIT'S BLATANT COPYRIGHT INFRINGEMENT

12. Since 2000, EVOX has created and licensed high-quality digital photographs and other images of car makes and models in the United States.

13. EVOX owns the copyrights to more than one million photographs and other images of cars.

14. EVOX licenses its images—individually and in groups—to numerous licensees, including to many automotive dealers and associated businesses.

15. EVOX, however, never licensed any of its copyrighted images for Defendant to use.

16. That did not stop Defendant from using EVOX images on the Website without any license or authorization. While conducting its standard intellectual property enforcement investigation, **EVOX discovered 470 unique EVOX images being displayed on the Website and hosted on Defendant's servers, all without authorization.** (See Exhibit A for a list of pertinent EVOX copyright registrations and the number of images from each such registration that Defendant used without authorization, Exhibit B for a list of pertinent titles of works, EVOX filenames, and Defendant's hosted locations where unauthorized use was identified, Exhibit C for copies of the pertinent copyright certificates, and Exhibit D for examples of EVOX images used without authorization.) EVOX's investigation is ongoing and discovery has not yet been taken. It is possible the infringement reaches even beyond these 470 images—this number simply reflects what EVOX was able to uncover to date.

17. Defendant used these EVOX images on the Website to advertise sales, repair, and body shop services relating to cars. Defendant apparently believed that its use of EVOX's high-quality images on the Website would further its goal of obtaining lucrative business in California and nationwide.

18. The copyrighted images unlawfully displayed on the Website were, on information and belief, authentic EVOX images. On information and belief, images

displayed on the Website were altered to remove or omit an EVOX logo, and instead, put the AutoFit logo over the images, in a blatant and willful attempt to infringe on EVOX's copyrights. These images are EVOX's intellectual property.

19. On information and belief, Defendant's unauthorized and infringing use of EVOX images was intended for search engine optimization ("SEO") purposes, *i.e.*, to increase traffic to the Website by obtaining better online search engine results and maximizing the number of potential clients viewing the Website's advertisements of sales and services related to cars, including specifically in California. Defendant engaged in unauthorized and infringing use of EVOX images to do so; it used EVOX images as beacons to draw web and search traffic to the Website.

20. Moreover, Defendant, on information and belief, altered or removed the copyright notice on many of EVOX's images prior to engaging in infringing use of those images on the Website. Defendant used, distributed, transmitted, and displayed EVOX's photos with the knowledge that the copyright management information had been removed or altered without EVOX's permission.

21. Defendant received a cease-and-desist notice from EVOX in August 2021. Despite receiving notice of their infringement of EVOX's copyrights, Defendant continues to publicly display and distribute EVOX's copyrighted images without authorization.

22. Defendant was perfectly within its rights to promote sales and services related to automobiles. Defendant had no right, however, to use over 470 copyrighted EVOX images without authorization to advertise its sales/services and drive internet traffic to the Website. Defendant knew that the high quality of EVOX images would increase the appeal of the Website's products and advertisements for its auto services, and they selected EVOX images to use—without authorization, and with alterations to EVOX's copyright notices—for that purpose.

# COUNT ONE

## Copyright Infringement, 17 U.S.C. § 501 *et seq.*

23. EVOX re-alleges the allegations contained in the preceding paragraphs.

24. Each of EVOX's photos is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

25. Each of EVOX's photos at issue in this action has been registered with the United States Copyright Office.

26. EVOX did not authorize Defendant (or anyone) to copy, display, distribute or transmit EVOX's photos on the Defendant's Website.

27. Defendant has infringed EVOX's copyrights in at least 470 images through the copying, public display, distribution or transmission of EVOX's photos.

28. Defendant's infringement has been willful. Defendant was aware it was using EVOX's photos without authorization from EVOX or recklessly disregarded EVOX's rights in EVOX's photos. Defendant's willful intent is evidenced by, among other things, the August 2021 cease-and-desist letter from EVOX to Defendant, steps taken by Defendant to use EVOX images for SEO purposes, and alterations made to EVOX's images to remove copyright notices and information.

29. EVOX has been damaged by Defendant's willful infringement in a sum to be determined.

# COUNT TWO

## Violations of the Digital Millennium Copyright Act

30. EVOX re-alleges the allegations contained in the preceding paragraphs.

31. EVOX embedded copyright management information in EVOX's photos, including through the distinctive filename structure that identified EVOX as the copyright owner and allowed EVOX to track the use of its works.

32. In violation of 17 U.S.C. § 1202(b), Defendant has knowingly—and with the intent to induce, enable, facilitate, or conceal infringement—removed or

altered identifying information about the copyright owner of EVOX's photos in connection with its use, distribution, display, and transmission of EVOX's photos. Defendant has also distributed EVOX's photos via its Website while knowing that information about EVOX as the copyright owner has been removed or altered without authority of EVOX.

33. EVOX has been damaged by Defendant's actions in a sum to be determined.

## PRAYER FOR RELIEF

WHEREAS, EVOX prays for the following relief against Defendant:

a. For maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or such other amounts as may be proper pursuant to 17 U.S.C. § 504(c). Alternatively, EVOX, at its election, is entitled to damages and/or wrongful profits pursuant to 17 U.S.C. § 504(b) for each separate infringement.

b. For maximum statutory damages in the amount of $25,000 per violation of 17 U.S.C. § 1202.

c. For pre- and post-judgment interest.

d. For EVOX's costs in this action, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b).

///
///
///
///
///
///
///
///
///

## JURY DEMAND

EVOX demands a trial by jury on all issues so triable.

DATED: January 30, 2023

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
   Keith J. Wesley
   Noah S. Helpern
   David D. Kim

By _____
      David D. Kim
Attorneys for Plaintiff EVOX Productions, LLC