**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Wayne B. Littlefield (State Bar No. 069132)
 w.littlefield@musickpeeler.com
Lynn A. O'Leary (State Bar No. 110365)
 l.oleary@musickpeeler.com
Danica Lam (State Bar No. 266710)
 d.lam@musickpeeler.com

Attorneys for Third-Party Defendant NAUTILUS INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>AUTO FIT, INC.,<br><br>          Defendant/Third-Party Plaintiff<br><br>     vs.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>          Third-Party Defendant. | Case No. 2:23-cv-00702-MWF-SK<br><br>**NAUTILUS INSURANCE COMPANY'S ANSWER TO THIRD PARTY COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Judge:   Michael W. Fitzgerald |

COMES NOW, Third-Party Defendant Nautilus Insurance Company ("Nautilus"), for itself alone and no others, through its counsel of record, and in response to the Third Party Complaint for Declaratory Judgment ("Third Party Complaint") filed by Defendant and Third-Party Plaintiff Auto Fit, Inc. ("Auto Fit") on file herein, hereby admits, denies, and alleges as follows:

//

//

MUSICK, PEELER & GARRETT LLP

2148281.1                                          1                         Case No. 2:23-cv-00702-MWF-SK
NAUTILUS INSURANCE COMPANY'S ANSWER TO THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT

# COVERAGE DISPUTE

1. In response to Paragraph 1 of the Third Party Complaint, Nautilus admits that eVox Productions, LLC ("eVox") alleges in this lawsuit that Auto Fit committed copyright infringement. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

2. In response to Paragraph 2 of the Third Party Complaint, Nautilus admits that it issued a general liability insurance policy, Policy No. NN531967 ("Policy"), to Auto Fit. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

3. In response to Paragraph 3 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

4. In response to Paragraph 4 of the Third Party Complaint, Nautilus admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

5. In response to Paragraph 5 of the Third Party Complaint, Nautilus admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit, and alleges that it appears eVox has no actionable claim against Auto Fit for any offense which occurred during the Policy period. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

6. In response to Paragraph 6 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required. To the extent this paragraph has factual allegations, Nautilus admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit, and alleges that it appears eVox has no actionable claim against Auto Fit for any offense which occurred during the Policy period. Except as specifically stated, Nautilus denies each and every allegation in

such paragraph.

7. In response to Paragraph 7 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required. To the extent this paragraph has factual allegations, Nautilus admits that eVox alleges it discovered Auto Fit's alleged infringement in August 2021. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

8. In response to Paragraph 8 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required. To the extent this paragraph has factual allegations, Nautilus admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit, and alleges that it appears eVox has no actionable claim against Auto Fit for any offense which occurred during the Policy period. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

9. In response to Paragraph 9 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

10. In response to Paragraph 10 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

11. In response to Paragraph 11 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required. To the extent that the paragraph has factual allegations, Nautilus admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit, and alleges that it appears eVox has no actionable claim against Auto Fit for any offense which occurred during the Policy period. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

12. In response to Paragraph 12 of the Third Party Complaint, Nautilus admits that AutoFit seeks the described declaration, and alleges that the requested declaration is not appropriate because, among other reasons, the claim is not ripe for adjudication because there has been no finding that Auto Fit is liable to eVox in this lawsuit. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

## PARTIES

13. In response to Paragraph 13 of the Third Party Complaint, based on information and belief, Nautilus admits the allegations set forth therein.

14. In response to Paragraph 14 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

15. In response to Paragraph 15 of the Third Party Complaint, Nautilus is presently without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, on that basis, denies such allegations.

## JURISDICTION AND VENUE

16. In response to Paragraph 16 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

17. In response to Paragraph 17 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

18. In response to Paragraph 18 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

19. In response to Paragraph 19 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required.

//

# FACTS

*Nautilus Policy*

20. In response to Paragraph 20 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

21. In response to Paragraph 21 of the Third Party Complaint, Nautilus is presently without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, on that basis, denies such allegations.

22. In response to Paragraph 22 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

23. In response to Paragraph 23 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

24. In response to Paragraph 24 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

25. In response to Paragraph 25 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

26. In response to Paragraph 26 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

27. In response to Paragraph 27 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

*eVox's Copyright Suit Against Auto Fit*

28. In response to Paragraph 28 of the Third Party Complaint, Nautilus admits the allegations set forth therein.

29. In response to Paragraph 29 of the Third Party Complaint, Nautilus admits the allegations of the eVox Complaint include use of copyrighted images in Auto Fit's website without eVox's consent. Except as specifically stated, Nautilus is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies such allegations.

30. In response to Paragraph 30 of the Third Party Complaint, Nautilus

admits that Auto Fit tendered eVox's lawsuit to Nautilus. Except as specifically stated, Nautilus is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies such allegations.

31. In response to Paragraph 31 of the Third Party Complaint, Nautilus admits that it agreed to provide Auto Fit with a defense in this lawsuit pursuant to a reservation of rights, admits that it reserved and continues to reserve its right to decline to indemnify Auto Fit for any liability it incurs to eVox in this lawsuit, and alleges that it appears eVox has no actionable claim against Auto Fit for any offense which occurred during the Policy period. Except as specifically stated, Nautilus denies each and every allegation in such paragraph.

32. In response to Paragraph 32 of the Third Party Complaint, Nautilus states that the paragraph consists of legal conclusions to which no response is required. To the extent that the paragraph has factual allegations, Nautilus denies each and every allegation in such paragraph.

33. In response to Paragraph 33 of the Third Party Complaint, Nautilus denies the allegations contained therein.

34. In response to Paragraph 34 of the Third Party Complaint, Nautilus denies the allegations contained therein.

35. In response to Paragraph 35 of the Third Party Complaint, Nautilus denies the allegations contained therein.

## Count I – Declaratory Judgment

36. In response to Paragraph 36 of the Third Party Complaint, Nautilus repeats and incorporates its answers to Paragraphs 1-35, inclusive, of the Third Party Complaint.

37. In response to Paragraph 37 of the Third Party Complaint, Nautilus admits there is a controversy between Auto Fit and Nautilus as to whether indemnity would be owed under the Policy for any liability imposed on Auto Fit in this

lawsuit, but denies that such controversy is justiciable or ripe for adjudication.

38. In response to Paragraph 38 of the Third Party Complaint, Nautilus denies the allegations contained therein.

39. In response to Paragraph 39 of the Third Party Complaint, Nautilus denies the allegations contained therein

40. In response to Paragraph 40 of the Third Party Complaint, Nautilus denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Nautilus sets forth its separate and distinct affirmative defenses below to apprise Auto Fit of potentially applicable defenses. Nautilus reserves the right to re-evaluate, restate, or delete any of the enumerated affirmative defenses. By listing any matter as an affirmative defense, Nautilus does not assume the burden of proving any matter upon which Auto Fit bears the burden of proof under applicable law. Moreover, by setting forth the following affirmative defenses, Nautilus does not waive its right to assert additional affirmative defenses as the facts develop.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Third Party Complaint and each cause of action set forth therein fails to allege facts sufficient to state a claim against Nautilus upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

2. The claims alleged by Auto Fit against Nautilus in Third Party Complaint are barred, in whole or in part, by the applicable statutes of limitation set forth in the California *Code of Civil Procedure*.

## THIRD AFFIRMATIVE DEFENSE
### (Claim is Not Ripe)

3. The claims alleged by Auto Fit against Nautilus in the Third Party

Complaint are not ripe for adjudication, as there has been no determination that Auto Fit is liable to eVox in this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4. The claims alleged by Auto Fit against Nautilus in the Third Party Complaint are barred, in whole or in part, by application of the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5. The claims alleged by Auto Fit against Nautilus in the Third Party Complaint are barred, in whole or in part, by application of the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. The claims alleged by Auto Fit against Nautilus in the Third Party Complaint are barred, in whole or in part, by application of the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

7. The claims alleged by Auto Fit against Nautilus in Third Party Complaint are barred, in whole or in part, by application of the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Actions of Third Parties)

8. Auto Fit's alleged damages, if any, were caused by the acts or omissions of third parties over whom Nautilus had no control and for whose acts Nautilus is not responsible, including, but not limited to, one or more third insurers which are primarily obligated to defend and/or indemnify Auto Fit as to the claims asserted by eVox in this lawsuit.

//

//

## NINTH AFFIRMATIVE DEFENSE

## (Offset)

9. Any amounts that Auto Fit may recover through its Third Party Complaint, if any, must be reduced or offset by recoveries it has obtained, or will obtain, from other sources.

## TENTH AFFIRMATIVE DEFENSE

## (Laches)

10. The claims alleged by Auto Fit against Nautilus in Third Party Complaint are barred, in whole or in part, by application of the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

## (No Coverage Under Policy)

11. The Policy, by its terms, definitions, exclusions, limitations and conditions, precludes coverage for the claims asserted by eVox against Auto Fit in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

## (No Coverage for Loss/Offenses Not Taking Place during the Policy Period)

12. The Policy does not provide coverage for losses or damages sustained by eVox, and/or for liability imposed on Auto Fit, as the result of copyright infringement or offenses which did not take place during the Policy period.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Intervening/Superseding Actions)

13. The injuries and damages allegedly suffered by Auto Fit, if any, were a direct and legal result of the intervening and superseding actions of third parties, whether named or unnamed, and not of Nautilus.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Equitable Allocation)

14. To the extent it is determined that the Policy provides coverage for Auto Fit for the claims asserted by eVox in this lawsuit, such coverage is subject to

proper allocation relative to all other parties, insurers and insurance policies which also had a duty to provide coverage and relative to all applicable insured, self-insured and uninsured coverage periods.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Breach of the Cooperation Clause)

15. Coverage under the Policy, if any, is conditioned upon Auto Fit's cooperation with Nautilus in defending the eVox Complaint. To the extent that Auto Fit's actions are deemed to be prejudicial to that defense, including but not limited to admitting to an expanded scope of recoverable damages, Auto Fit has breached its cooperation obligations under the Policy, resulting in a forfeiture of any coverage which may have otherwise been due.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Affirmative Defenses)

16. Nautilus presently has insufficient information or knowledge upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Nautilus therefore reserve the right to assert additional affirmative defenses in the event additional discovery and/or investigation indicate it would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Nautilus prays for judgment on the Third Party Complaint as follows:

1. That judgment be entered in favor of Nautilus and that Auto Fit take nothing by its Third Party Complaint;

2. That Auto Fit's Third Party Complaint be dismissed in its entirety and with prejudice;

3. For an award of costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

//

DATED: May 22, 2023

MUSICK, PEELER & GARRETT LLP

By:    */s/ Danica Lam*
      Wayne B. Littlefield
      Lynn A. O'Leary
      Danica Lam
      Attorneys for Third-Party Defendant
      NAUTILUS INSURANCE COMPANY